IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BANK OF AMERICA,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>JULIA JANE BYROM, GARY D. BYROM, and JOHN DOE/JANE DOE/OCCUPANT,<br><br>    Defendants and Counterclaimants,<br><br>vs.<br><br>PAUL M. HALLIDAY, JR., HALLIDAY & WATKINS, P.C., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, ADVANCED TITLE COMPANY, INC., WILMINGTON FINANCE, INC., LITTON LOAN SERVICING LP, and JOHN DOES I-V, whose true names are unknown,<br><br>    Third-Party Defendants. | MEMORANDUM DECISION AND ORDER REMANDING CASE<br><br><br><br>Case No. 2:10-CV-1017 TS |

This matter comes before the Court for a *sua sponte* determination of its jurisdiction.[1] As discussed below, the Court finds that this matter was improperly removed and, therefore, must be remanded to state court.

I. BACKGROUND

Plaintiff Bank of America filed a foreclosure complaint against Defendants Julia Jane Byrom and Gary D. Byrom in state court on June 21, 2010.[2] Defendants filed an Answer, Counterclaim, Third Party Complaint and Jury Demand in the state court action on or about July 2, 2010.[3] Defendants brought claims against several Third-Party Defendants, including Third-Party Defendant Wilmington Finance, Inc. ("Wilmington"). The claims against Wilmington include: (1) declaratory judgment; (2) violations of the Truth in Lending Act; (3) fraudulent inducement; (4) libel; (5) quiet title; and (6) breach of contract. Third-Party Defendant Wilmington removed this action to this Court on October 14, 2010.

---

[1] "Inasmuch as federal courts are courts of limited jurisdiction, the court may and, in fact, has an obligation to inquire into its jurisdiction *sua sponte*." *Koerpel v. Heckler*, 797 F.2d 858, 861 (10th Cir. 1986).

[2] Docket No. 3.

[3] Docket No. 2, Ex. A.

## II. DISCUSSION

The Tenth Circuit has stated that "there is a presumption against removal jurisdiction."[4] Further, "[r]emoval statutes are to be strictly construed . . . and all doubts are to be resolved against removal."[5]

The Tenth Circuit Court of Appeals has not addressed the question of whether a third-party defendant may remove a case. However, district courts in this circuit have routinely remanded cases removed by third-party defendants, holding that such removal is impermissible.[6] In light of case law from courts within this circuit, and because there is a presumption against removal and removal statutes are to be strictly construed, the Court finds that removal by Third-Party Defendant Wilmington was improper.

## III. CONCLUSION

It is therefore

ORDERED that this matter be remanded to Eighth Judicial District, Uintah County, State of Utah. The Clerk of the Court is directed to close this case forthwith.

---

[4] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[5] *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

[6] *See Wild Horse Receivables, LLC v. Marosi*, 2010 WL 4595674, *1 (D. Colo. Nov. 5, 2010) (collecting cases); *see also* 14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 3730 ("Nor can third-party defendants brought into the state action by the original defendant exercise the right to remove claims to the federal court . . . .").

DATED December 14, 2010.

                        BY THE COURT:

                        _____
                        TED STEWART
                        United States District Judge